**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SKY BUSINESS CREDIT, LLC, an Illinois limited liability company,<br>Plaintiff,<br>v.<br>GARY HERWOOD, DAWN HERWOOD aka DAWN CHAPMAN and DM CHAPMAN, ECOWATTLE/TEXAS SUSTAINABLE INDUSTRIES LLC, a Texas limited liability company, and BLUE SKY MARKETING & CONSULTING, INC., a Florida corporation,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:24-cv-11142<br><br>Hon. April M. Perry |

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The Court, having considered the Motion for Summary Judgment [DE#40], Brief in Support [DE#41], and Statement of Undisputed Material Facts ("SOF") [DE#42] (collectively, the "Summary Judgment Materials") filed by Plaintiff Sky Business Credit, LLC ("SBC"), finds that no genuine issues of material fact exist and that SBC is entitled to judgment as a matter of law on all remaining claims. The Court further finds as follows:

1. All claims against Dawn Herwood were dismissed without prejudice pursuant to the Notice of Dismissal filed on March 14, 2025. [DE#48].

2. SBC filed its Summary Judgment Materials on February 14, 2025, seeking summary judgment against the remaining Defendants: Gary Herwood, Ecowattle/Texas Sustainable Industries LLC ("EcoWattle"), and Blue Sky Marketing & Consulting, Inc. ("Blue Sky") (collectively, "Defendants"). Defendants have not filed any response to the Summary Judgment Materials.

3. The Court accepts as true all assertions of fact in the Summary Judgment Materials, including all facts asserted in Plaintiff's SOF [DE#42].

4. The Summary Judgment Materials establish that no genuine issues of material fact exist and that SBC is entitled to judgment as a matter of law on all counts of the Complaint.

5. As to Count I, EcoWattle is liable for breach of the Factoring Agreement in the sum of $11,370,362.52, representing SBC's unpaid Advances and earned fees under the Factoring Agreement through December 31, 2024.[1] EcoWattle is also liable for attorneys' fees and legal costs and expenses of SBC, which totaled $168,532.83 as of January 31, 2025. [DE#42, ¶¶64-66]. SBC has waived attorney fees and expenses that accrued between January 31, 2025 and the date of this

[1] Plaintiff's Motion for Summary Judgment reflects damages of $10,177,613.05 through October 21, 2024 [DE#7], which increased to $11,370,362.52, as of December 31, 2024 due to accrual of fees and other charges reflected in the Statement of Undisputed Facts and supporting evidence. [DE#42, ¶¶64-66].

Judgment. SBC remains entitled to post-judgment attorney fees related to the Factoring Agreement, including those expended to collect sums due thereunder.

6. As to Count II, Gary Herwood is liable for breach of the Gary Herwood Guaranty in the sum of $11,370,362.52, representing SBC's unpaid Advances and earned fees under the Factoring Agreement through December 31, 2024 that were guaranteed by Gary Herwood through the Gary Herwood Guaranty. Gary Herwood is also liable for attorneys' fees and legal costs and expenses of SBC, which totaled $168,532.83 as of January 31, 2025. [DE#42, ¶¶64-66]. SBC has waived attorney fees and expenses that accrued between January 31, 2025 and the date of this Judgment. SBC remains entitled to post-judgment attorney fees related to the Gary Herwood Guaranty, including those expended to collect sums due thereunder.

7. As to Count III, Blue Sky is liable for breach of the Blue Sky Guaranty in the sum of $11,370,362.52, representing SBC's unpaid Advances and earned fees under the Factoring Agreement through December 31, 2024 that were guaranteed by Blue Sky through the Blue Sky Guaranty. Blue Sky is also liable for attorneys' fees and legal costs and expenses of SBC, which totaled $168,532.83 as of January 31, 2025. [DE#42, ¶¶64-66]. SBC has waived attorney fees and expenses that accrued between January 31, 2025 and the date of this Judgment. SBC remains entitled to post-judgment attorney fees related to the Blue Sky Guaranty, including those expended to collect sums due thereunder.

8. As to Count IV, EcoWattle, Blue Sky and Gary Herwood are liable for actual compensatory damages for common law fraud in the sum of $11,370,362.52 as of December 31, 2024. The Court also finds liability on Count IV for SBC's attorneys' fees and legal costs and expenses, which totaled $168,532.83 as of January 31, 2025. [DE#42, ¶¶64-66]. SBC has waived attorney fees and expenses that accrued between January 31, 2025 and the date of this Judgment. SBC remains entitled to post-judgment attorney fees on Count IV, including those expended to collect or enforce the Judgment.

9. As to Count V, Gary Herwood is liable for damages and permanent injunctive relief for violations of 18 U.S.C. § 1962 (the "RICO Statute") in the sum of $11,370,362.52. as of December 31, 2024. Pursuant to 18 U.S.C. § 1964(c), Gary Herwood is obligated to pay SBC $34,111,087.56 (threefold actual damages), a reasonable fee for its attorneys, and costs of suit. As of January 31, 2025, a reasonable fee SBC's attorneys and costs of suit totaled $168,532.83. [DE#42, ¶¶64-66]. SBC has waived attorney fees and expenses that accrued between January 31, 2025 and the date of this Judgment. SBC remains entitled to post-judgment attorney fees on Count V, including those expended to collect or enforce the Judgment. Gary Herwood is ordered to disgorge all proceeds derived from any Advances from SBC, including any proceeds held by any third party.

10. As to Count VI, EcoWattle, Blue Sky and Gary Herwood are liable for damages and subject to permanent injunctive relief for violations of the Illinois Fraudulent Transfer Act ("IUFTA") in the sum of $11,370,362.52. To the extent that SBC can trace the proceeds of any Advances, those transfers are deemed fraudulent transfers that may be avoided by SBC to the extent necessary to pay this Judgment on the IUFTA claim. The Court also finds liability on Count VI for SBC's attorneys' fees and legal costs and expenses, which totaled $168,532.83 as of January 31, 2025. [DE#42, ¶¶64-66]. SBC has waived attorney fees and expenses that accrued between January 31,

2025 and the date of this Judgment. SBC remains entitled to post-judgment attorney fees on Count VI, including those expended to collect the Judgment.

11. The Court finds that the Judgment against Gary Herwood, EcoWattle, and Blue Sky on Counts IV, V, and VI represents debt for money, property, services, or an extension, renewal, or refinancing of credit, that was obtained by (a) false pretenses, false representations, and actual fraud, other than statements respecting Defendants' financial condition, and (b) the use of statements in writing that were (i) materially false, (ii) respecting Gary Herwood's, EcoWattle's, and the Fake Account Debtors' financial condition, (iii) on which SBC reasonably relied, and (iv) which Gary Herwood, EcoWattle, and Blue Sky caused to be made or published with intent to deceive.

12. The Temporary Restraining Order entered by the Court on November 4, 2024 [DE #13], as modified by the Agreed Order Modifying TRO [DE #28], and as extended by Agreed Orders Extending Temporary Restraining Order entered on November 20, 2024 [DE # 30] and on January 22, 2025 [DE #37], as clarified by the Agreed Clarified Second Amendment to the Temporary Restraining Order [DE #51] (collectively, the "TRO") is hereby converted to a permanent injunction with the following directive, until further order of this Court on the petition of any party:

a. Citibank and CapitalOne (a) shall allow SBC to inspect the bank records for any accounts of Gary Herwood, Texas Degradable Erosion Control LLC ("Texas Degradable"), or SunTower Solar LLC ("SunTower") at any time upon reasonable request; and (b) are hereby directed to send monthly and other periodic account statements for any accounts held by Texas Degradable and SunTower as those statements are prepared to:

Sky Business Credit, LLC, ATTN: Gail Reints-Pratl, President
4037 Main Street
Downers Grove, IL 60515

or by electronic transmission to: gail@skybusinesscredit.com.

b. Gary Herwood may use his personal Account at Capital One Bank, Acct No. xxxxxxx0014 (the "Personal Account") or his existing Citibank account, to deposit monthly Social Security payments, pension payments, and any other wages or income he may earn, and may use such funds only for personal and discretionary living expenses, healthcare, taxes, or as required by any court order or decree.

c. Any bank accounts holding funds of Texas Degradable and SunTower shall be used solely for ordinary and necessary business expenses (as defined by the IRS) and the purchase of raw materials for use in the respective businesses. Gary Herwood shall provide SBC by the 15th working day of each month for the prior calendar month, sworn statements on behalf of Texas Degradable and SunTower reflecting: (a) Accounts Receivable Aging; (b) Accounts Payable Aging; (c) Income Statement; (d) Balance Sheet; (e) Form 941 Filings; and (f) bank statements, until the entities no longer exist or are no longer operating and have no income. Factoring Agreement, § 6.3.

d. SBC (directly or through a professional it designates) shall have the right to examine and verify all of Gary Herwood's, Texas Degradable's, and SunTower's financial, accounting,

accounts receivable, and invoicing records and supporting documents at any time upon reasonable notice. Factoring Agreement, §10.3.

e. Wages and other compensation to Gary Herwood and his family, directly or indirectly, from the operations of Texas Degradable and SunTower shall not exceed $2,000.00 per month and shall be paid by deposit into Gary Herwood's Personal Account or his Citibank account.

f. Other than as allowed herein, neither Texas Degradable nor SunTower shall make any distributions of profits to any person without prior written approval of SBC or order of the Court.

g. Other than as allowed by this permanent injunction, Gary Herwood shall not directly or indirectly, by himself or in conjunction with any other person, open or cause any new bank accounts to be opened or create any new entities without notice to SBC or further order of the Court.

h. SBC has a security interest in all property of Gary Herwood, including all property Gary Herwood owns in a storage unit that Gary Herwood rented, which is owned and operated by a company using the trade name "Storage Max," located at Unit 109, 4911 Old Jacksonville Hwy, Tyler, TX 75703 (the "Storage Unit"). SBC is directed to remove and take full possession and ownership of any contents that SBC desires to claim other than household items, personal photos, and holiday decorations (the "SBC-Claimed Items") on or before May 31, 2025 and shall thereafter have no right, title, or interest in any contents of the Storage Unit.

13. This Judgment disposes of all claims and parties as a final judgment. The Court also finds pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay in the entry of judgment, and that judgment is hereby directed to be entered as a final, appealable judgment.

DATE: June 2, 2025

ENTER: April M Perry

Hon. April M. Perry, United States District Judge